**Myron DUKES, Plaintiff–Appellant,**

v.

**DEP. SUPT. OF SEC. A, Deputy Superintent of Security at Greenhaven Correctional Facility; J. Bodzak, Registered Nurse, Director of Medical State Department of Correctional Services; Sandy Ray, Agent Sandy Ray, of New York State Inspector General's Office; Mezzellas; T. Miller, Defendants,**

**J. Tierney, S.H.U. Sgt.; Donald Selsky, Director of S.H.U.; C. Austin, S.H.U. C.O.; S. Dimonda, S.H.U. C.O.; G. Tillotson, S.H.U. C.O.; D. Mazella, S.H.U. C.O.; D. Holland, N.Y. Inspector General's Office, Defendants–Appellees.**

No. 04–3759PR.

United States Court of Appeals, Second Circuit.

Nov. 3, 2005.

Myron Dukes, Pine City, NY, for Appellant, pro se.

Julie Loughran, Assistant Solicitor General, Michael S. Belohlavek, Senior Counsel (Eliot Spitzer, Attorney General of the State of New York, on the brief), New York, NY, for Appellees.

Present: OAKES, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part, and that the case be **REMANDED** for further proceedings.

Plaintiff-appellant Myron Dukes appeals, pro se, from the June 16, 2004 order of the United States District Court for the Southern District of New York (Brieant, J.), granting defendant-appellees' motion to dismiss. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

■ The district court dismissed Dukes's claims on two grounds. First, the court found that, as to defendants Selsky, Bodzak, and Holland, Dukes had failed to allege the necessary personal involvement to state a claim under 42 U.S.C. § 1983. Although Dukes's complaint states that each of these defendants personally failed to act on knowledge of the assault on Dukes, this is insufficient to state an independent constitutional violation, and no causal relationship between these failures and the assault is alleged. *See Poe v. Leonard,* 282 F.3d 123, 140 (2d Cir.2002). In addition, Dukes's allegations of negligent medical treatment by defendant Bodzak are also insufficient to state a claim for deliberate indifference to a serious medical need, which requires more than negligence. *See Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir.2003). Therefore, we affirm the district court's dismissal of the claims against these defendants.

■ The district court dismissed Dukes's remaining claims for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). After the district court's decision, we issued a series of opinions regarding the exhaustion requirement under the PLRA. *See Abney v. McGinnis,* 380 F.3d 663 (2d Cir.2004); *Giano v. Goord,* 380 F.3d 670 (2d Cir.2004); *Hemphill v. New York,* 380 F.3d 680 (2d Cir.2004); *Johnson v. Testman,* 380 F.3d 691 (2d Cir.2004); *Ortiz v. McBride,* 380 F.3d 649 (2d Cir.2004). In light of these recent cases, we remand for the district court to consider, under the framework laid out in *Hemphill,* whether (1) administrative remedies were "available" to Dukes under the PLRA; (2) defendants are estopped from asserting an exhaustion defense; or (3) special circumstances exist such that Dukes is excused from complying with exhaustion. 380 F.3d at 686.

Although we express no opinion as to the outcome of this determination, we direct the district court's attention to several relevant passages in these decisions. First, our decision in *Johnson* makes clear that the "PLRA's exhaustion requirement is designed to 'afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case,' " therefore the standard for exhaustion is more akin to notice pleading than to the "strict compliance" the district court believed was necessary. 380 F.3d at 697 (quoting *Porter v. Nussle,* 534 U.S. 516, 524–25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)) (holding that "[u]ncounselled inmates navigating prison administrative procedures without assistance cannot be expected to satisfy a standard more stringent than that of notice pleading."). Second, we noted in *Hemphill* that "there may be a question as to the availability of remedies, since Hemphill received no response to his letter, and there is no indication in the record that his grievance was ever recorded, as required by DOCS regulations." 380 F.3d at 687 n. 6 (citing cases in other circuits finding that a failure to respond to a grievance renders an administrative remedy unavailable). Finally, the district court should consider whether Dukes's attempts to follow the grievance procedures set out in 7 N.Y.C.R.R. § 701.7 were, even if imperfect, a reasonable interpretation of these regulations. *See Giano,* 380 F.3d at 678–79.

Because we vacate and remand the relevant portion of the district court's opinion, we need not reach the issue of whether the district court's failure to wait until it received plaintiff's response to defendants' objections, which he was permitted to file under Federal Rule of Civil Procedure 72(b), was harmless.

Based on the foregoing, the judgment of the district court is AFFIRMED in part and VACATED in part, and the case is REMANDED for findings on the issues listed above.